IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAPHNE POITEVIN-VELAZQUEZ
JOSE REINALDO MARTINEZ
and the conjugal partnership constituted by
them

Plaintiffs

vs                                                              CIVIL 09-1703CCC

A.T. CROSS COMPANY
DAVID FERREIRA
LIANNE PORTUONDO

Defendants

# O R D E R

This action for employment discrimination based on national origin and age is filed pursuant to Title VII, 42 U.S.C. §2000e, et seq., and the Age Discrimination in Employment Act [ADEA].  It is now before us on defendants' Motion to Stay and Compel Arbitration (**docket entry 9**) which plaintiff[1] opposed (docket entry 12), and to which defendants replied (docket entry17.  It is defendants' contention, at page 2 of their motion, that "Poitevin had entered into a contract with A.T. Cross Company (Cross) which included an arbitration clause mandating arbitration of all controversies arising out of the contract or its termination. Hence, Poitevin must submit her claims to arbitration."

**Plaintiff's Employment Status**

Defendants refer us to the last letter/contract of May 1, 2001 (Ex.2) appointing Poitevin as a non-exclusive merchandiser for Cross and setting forth the terms and conditions of the agreement contained therein.  Paragraph 15, from which defendants claim that arbitration of this discrimination claim arises, provides, in pertinent part:

Any controversy or claim arising out of or relating to this
Agreement (including, without limitation, the interpretation of

---

[1]Because co-defendants' claims are dependent upon Poitevin's success on her causes of action, we refer only to her.

CIVIL 09-1703CCC                              2

> contract language, the applicable law, or the breach termination
> or renewal of this Agreement) shall be settled by arbitration
> pursuant to the Federal Arbitration Act, 9 U.S.C. §1 et seq., in
> accordance with the Commercial Arbitration Association.

Docket entry 9, Exhibit 2, at 5.

Defendants also contend that Poitevin was never an employee of Cross; rather, she was an independent contractor. They point to paragraph 6 of the contract, which states

> The relationship between you and CROSS will be one of
> an independent contractor. You have no right or authority,
> whether express or implied, to assume or create any obligation
> on behalf of CROSS. You will not be deemed to be an
> employee, agent or representative of CROSS, you further
> acknowledge that the intention when entering into this
> Agreement was that you would not be a distributor, sales
> representative, agent or employee for CROSS.

Id., at 3.

Poitevin acknowledges that her claims could be subject to arbitration.[2] She argues, however, that the merchandiser agreement was for a term of one year.[3] Although the agreement could be extended by a mutual written agreement, the parties did not do so. Because plaintiff continued working for Cross until November 25, 2008, which is undisputed, she concludes that "after the merchandising agreement terminated, she became an employee of CROSS, and the position held was that of CROSS' representative, contrary to what was stipulated in the merchandiser contract." Opposition, at 3.

---

[2] See also, Skirchak v. Dynamics Research Corporation, 508 F.3d 49, 58 n.5. (Both Title VII and ADA expressly include their endorsements in cases covered by those statutes.)

[3]
> The term of this Agreement shall expire on December 31,
> 2001 (the "Initial Term"), whereupon it will terminate without any
> notice required. Following the Initial Term, the Agreement may
> be renewed for one or more successive one (1) year renewal
> periods upon the written agreement of both parties. This
> Agreement may be terminated by either Party, at its option, with
> or without cause, upon thirty (30) days prior written notice.

Id., ¶3.

CIVIL 09-1703CCC                                     3

Nonetheless, plaintiff does recognize the validity of arbitration clauses in employment contracts:

> Plaintiffs do concede that employment contracts can include arbitration clauses, as was stated in defendants' merchandiser contract. However, plaintiff's position is that after December 2001, she ceased being a merchandiser and became the sales representative of defendant, CROSS. Ultimately, the merchandiser agreement, by its terms, could not apply to plaintiff, Poitevin, since she became officially CROSS' representative for Puerto Rico, and no contract between the parties (as to sales representative) had been signed.

Opposition, at 4.

Plaintiff's only evidence supporting her conclusion is that the term "representative" is loosely used in reference to her by defendant David Ferreira in two emails, dated August 8, 2007 and April 23, 2008 ( plaintiff's Ex. 2 and 3).  Defendants refute her contention of employment with copies of her income reports for income tax purposes for the years 2001 through 2008, Defendants' Reply, Ex. 3.  The forms are not the W-2s that are used to report salary and wages.  They are "Form 1099-MISC Miscellaneous Income," on which Poitevin's income is identified in block #7 as "Nonemployee compensation."[4]

**Analysis**

While defendant is correct in its analysis of the arbitration clause, applicable law and jurisprudence, it fails to mention that, pursuant to the clear and unambiguous terms of the contract, it expired automatically at the end of December, 2001 and was never renewed by written agreement.  With its failure to recognize this fact, the company has failed to present any theory under which the contract, and its arbitration clause would still be binding on the parties.

_____

[4]Although the copies are not certified, plaintiff has not challenged the accuracy of their contents.

CIVIL 09-1703CCC                                   4

By the same token, plaintiff's assertion that she became defendant's "employee" after the contract expired is, at this point, an unsupported conclusion on her part.  The mere fact that she was referred to by Ferreira in the emails as a "representative,"[5] and not a merchandiser in no way defines or limits the legal relationship through which she acted on behalf of Cross.

As stated above, the Form1099-MISC provide quality evidence refuting Poitevin's claim of employment.  In sum, a controversy exists as to plaintiff's status after the merchandiser agreement expired on December 31, 2001.  Therefore, with no valid contract mandating arbitration in effect, the issue of her status as an employee for purposes of Title VII and the ADEA claims is for the Court to decide.

Accordingly, Motion to Stay and Compel Arbitration (**docket entry 9**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on February 9, 2010.


                                        S/CARMEN CONSUELO CEREZO
                                         United States District Judge

---

[5]This is plaintiff's argument in her opposition, at page 9.  The exhibits themselves, Exs. 2 and 3, were never translated.